QUESTION: Must a tax collector make refunds of ad valorem taxes in one payment or should the particular taxing authorities separately refund their proportionate parts of the refunded amount to the claimant?
SUMMARY: Pursuant to s. 195.106, F.S. (1974 Supp.), refunds of ad valorem taxes ordered to be made by the Department of Revenue are to be separately and severally provided for and paid by each of the affected taxing authorities, with each taxing agency budgeting for its pro rata share of such refund and issuing and delivering its separate warrant in payment of its pro rata share of the total refund ordered by the Department of Revenue. However, pending legislative or judicial clarification or direction, such refunds may be made by the tax collector in an aggregate sum made up of the pro rata shares of the respective taxing agencies from undistributed funds collected and held for distribution to the respective taxing authorities upon the direction and approval of the governing boards of such taxing authorities, if funds for the payment thereof have been duly appropriated and budgeted for in existing budgets by the affected tax authorities. The Department of Revenue is authorized to consider and pass upon applications for refunds of ad valorem taxes pursuant to s. 195.106(1), F.S. (1974 Supp.). When the Department of Revenue orders a refund, a copy of the order is forwarded to the tax collector pursuant to s. 195.106(2), F.S. (1974 Supp.). The tax collector has the duty to determine and certify the pro rata share of the refund so ordered to each taxing district so that such taxing districts may provide for the payment of their pro rata share of such refund. At this point, the duty of the tax collector appears to cease. You have a legitimate concern that s. 195.106(2) would imply that any tax refunds made to the taxpayer would be in a piecemeal fashion, i.e., paid separately by each taxing district on a prorated basis which would be a cumbersome and time-consuming procedure. The pertinent provision of s. 195.106, F.S. (1974 Supp.), is as follows: (2) When the Department of Revenue orders a refund, it shall forward a copy of its order to the tax collector who shall then determine and certify to the county, school district, and each other taxing district their pro rata share of such refund. The board of county commissioners, the district school board, and the governing authorities of each taxing district shall comply with the order of the department by providing in their budget for the ensuing year for the payment of their pro rata share of such refund, and each shall have authority to authorize such tax levy as may be necessary to provide the funds with which to make the refund so ordered. However, nothing contained in this subsection shall be construed to authorize any taxing authority to make any tax levy in excess of the maximum authorized by the constitution or laws of Florida. (Emphasis supplied.) This provision imposes upon each taxing authority the duty to provide for the payment of its share of the ordered refund in its next year's budget and it also gives each the power to provide the funds with which to make the refund from taxes levied for that purpose. Although s. 195.106(2), supra, authorizes the payment of refunds and authorizes such refunds to be paid from the properly budgeted funds of each taxing authority, it does not expressly provide for the manner in which the refunds as ordered by the Department of Revenue are to be paid. The statute is silent as to whether the tax collector will pay the refund the next year out of undistributed tax revenues or whether each taxing authority or district after duly budgeting for the funds with which to make the refund would issue and deliver separate warrants in payment of its pro rata share of the refund ordered by the Department of Revenue. It is my opinion that a reasonable construction of the statute dictates a piecemeal refunding system with each taxing authority or district separately providing its own pro rata share of the refund ordered to the taxpayer entitled thereto. Support for this construction is the fact that former ss. 193.40, F.S. 1967, and 195.081, F.S. 1969, provided that only the board of county commissioners was to provide for such refunds in its budget and gave that board authority to levy taxes for the purpose of making the refunds with the exception, pursuant to s. 195.081, of the District School Board of Okaloosa County. Before the enactment of s. 195.106, F.S. (1974 Supp.), refunds were classified as a county purpose and the fact that taxes had been distributed to other taxing authorities did not relieve the county from the responsibility of paying the total amount of any refund ordered by the Department of Revenue (except as to District School Board of Okaloosa County). Attorney General Opinion 069-60. The repeal of ss. 193.40, F.S. 1967, and 195.081, F.S. 1969, and the subsequent enactment of s. 195.106, F.S. (1974 Supp.), to provide for a pro rata system of refunds from the various taxing authorities would seem to contemplate that each taxing agency separately and severally provide for the payment of, and pay, its proportionate share of the refund ordered by the Department of Revenue. However, I am of the view, pending legislative or judicial clarification or direction, that refunds may, upon direction and approval by the governing boards of the various taxing agencies, be made by the tax collector in an aggregate sum made up of pro rata shares from undistributed funds collected and held for distribution to the respective consenting tax authorities, if the funds for the payment thereof have been duly appropriated and budgeted for in existing budgets by the respective tax authorities or by each and all of them. See AGO 062-119, which opinion in reference to former s. 193.40, supra, noted that a reasonable construction of that statute would permit payment of refunds from existing budgets or budgeted funds, such as reserves for contingencies, when clearly available and a surplus exists sufficient to pay the same, and with the joint consent or authority of both the county commissioners and the school board. Also see AGO's 069-60 and 064-22; cf., Rule12B-1.337, F.A.C., relative to cancellation of void tax certificates and procedure for return of payments.